Denis J. McClure, Esq. Attorney for Fairview Fire District
We acknowledge receipt of your letters of October 12, 1979 and November 28, 1979 from which it appears that the elected town superintendent of highways of the Town of Poughkeepsie is also an elected fire district commissioner of the Fairview Fire District which includes parts of the town of Hyde Park and Poughkeepsie. The Fairview Fire District is organized and operates under authority of Town Law, Article 11 (§§ 170-189). You request our opinion whether a person holding an elected office in a town simultaneously can hold an elected office in a fire district encompassing portions of that town and of another town.
Under our law, one individual who possesses the necessary qualifications may hold more than one public office unless there is a constitutional or statutory prohibition against it or unless the positions are incompatible. The leading case on compatibility of office is People exrel Ryan v Green, 58 N.Y. 295 (1874), which clearly enunciated the proposition that incompatibility of office implies an inconsistency in the functions of two offices or the subordination of one to the other so that one dominates or interferes with the performance of the functions of the other.
Enclosed herewith is a copy of an informal opinion of the Attorney General reported in 1975 Op Atty Gen 312 in which we concluded that the office of appointed town assessor and elected town superintendent of highways may be held simultaneously by one individual. Also enclosed is a copy of our informal opinion reported in 1975 Op Atty Gen 291 in which we concluded that there could be a simultaneous holding by one individual of the two offices of village street commissioner and fire district commissioner of a fire district in a town of which the village is a part.
Town Law § 20 subd 1 specifies that a town superintendent of highways is a town officer. Town Law § 20 subd 4 provides that no person shall be eligible to hold more than one elected town office. Town Law § 23
provides for the eligibility or qualification of town officers. Residence in the town is one of the qualifications and in that respect is the same as Public Officers Law § 3.
Town Law § 174 subd 6 states:
 "6. A fire district is a political subdivision of the state and a district corporation within the meaning of section three of the general corporation law. The officers and employees of a fire district, including the paid and volunteer members of the fire department thereof, are officers and employees of such fire district and are not officers or employees of any other political subdivision." (Emphasis supplied.)
Although a town is a political subdivision of the state, a political subdivision of the state may be much larger than a town or it may encompass only a part of a town or, as in this case, parts of two or more towns.
We enclose a copy of our informal opinion reported in 1977 Op Atty Gen 233 pointing out the difference in meaning between the term "political subdivision" and the word "municipality" as used in Public Officers Law § 3.
Town Law § 175 subd 3 contains qualifications of fire district officers. Residence in the fire district is one of the qualifications and in that respect is also the same as Public Officers Law § 3.
Assuming that the elected town superintendent of highways of the Town of Poughkeepsie lives in that town and that his residence is also in the Fairview Fire District, of which he is an elected fire district commissioner, it is our opinion that there is no constitutional or statutory bar to such dual office holding or incompatibility between the offices and that consequently the same person simultaneously may hold the elective office of town superintendent of highways and elective office of fire district commissioner of a fire district organized and operating under authority of Town Law Article 11.